THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM SWARTZ, Defendant-Appellant.

(No. 72-13; )

Fifth District—August 24, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Richard E. Cunningham, Staff Attorney, and Luther Simmons, Senior Law Student, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Feder, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

William Swartz was convicted of the offense of burglary after a jury trial in the circuit court of St. Clair County. He was sentenced to a term of not less than fifteen nor more than twenty-five years in the Illinois State Penitentiary. Due to unusual circumstances the case is now here on direct appeal.

Appellant's brief presents five issues for review. First, that defendant was not proven guilty beyond a reasonable doubt; second, the court erred in giving an instruction defining reasonable doubt; third, prejudicial error occurred when the State brought out the fact that defendant remained silent at the time of his arrest; fourth, that the closing arguments by the State constituted prejudicial error; and fifth, that the sentence imposed was excessive.

■■ There was positive eyewitness identification of the defendant together with numerous circumstances which indicated his guilt. We find

no merit to the contention that defendant was not proven guilty beyond a reasonable doubt. As to the next three contentions, the objections now made were not made at the trial and would thus under ordinary circumstances be waived. After a review of the entire record we find no reason why the ordinary rule of waiver should not apply.

■■ As regards the contention that the sentence was excessive we note that defendant had two prior felony convictions. However under the circumstances of this case we do not need to pass on that question. During the pendency of this appeal the Uniform Code of Corrections (ch. 38, sec. 1001 *et seq.*) has become effective. Under the Uniform Code the maximum sentence for this offense is twenty years and the minimum cannot exceed one third of the maximum. Since this defendant has now served over seven years, we see no necessity to remand for resentencing. We therefore reduce the sentence to a minimum of six and two-thirds years.

Judgment affirmed and sentence reduced.

G. MORAN, P. J., and JONES, J., concur.